**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TED THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-1062-MLB |
| ) | |
| **ASSURANT EMPLOYEE BENEFITS,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendants failed to produce their Rule 26(a)(1) disclosures within the deadline established by the Scheduling Order.[1] After plaintiff moved to compel, defendants provided their disclosures and argued that the motion was moot. Although the issue of production was

---

[1] The deadline for the exchange of the parties' Rule 26(a)(1) disclosures was proposed by the parties in their planning report.

moot, the question of fees and expenses under Fed. R. Civ. P. 37(a)(4) remains.[2] Consistent with Rule 37(a)(4)(A), defendants were allowed an opportunity to be heard on the issue of sanctions.

Defendants argue that sanctions should not be imposed because the delay in production was caused by "an innocent, internal mis-communication" between defense counsel.[3] More specifically, Richard Bien, a partner representing defendants, went on vacation and assigned the task of production to Robyn Anderson, an associate who had just returned from maternity leave.[4] According to defendants, "the flood of new assignments awaiting her return from maternity leave" caused Ms. Anderson to miss the production

---

[2] Rule 37(a)(4)(A) provides:

> If the motion [to compel] is granted or ***if the disclosure or requested discovery is provided after the motion was filed, the court shall***, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (Emphasis added).

[3] Defense counsel assert that defendants were wholly without fault.

[4] Ms. Anderson entered her appearance in this case on July 26, 2007. Because plaintiff filed his motion on July 23, 2007, Ms. Anderson did not receive electronic notification of the motion to compel. However, electronic notification was sent to Mr. Bien.

deadline. <u>Defendants' Brief in Opposition to Sanctions</u>, Doc. 74, p. 2.

Defendants' argument is not persuasive. Regardless of how "innocent" the "miscommunication" between a partner and an associate, the fact remains that plaintiff was required to expend unnecessary resources to secure production of defendants' Rule 26(a)(1) disclosures.[5] Because the "circumstances" do <u>not</u> make an award of expenses unjust, sanctions shall be imposed pursuant to Rule 37.

Plaintiff requests an award of $580 in fees and expenses related to his motion to compel. In support of his request, plaintiff submits an itemization showing counsel's hourly rate and the amount of time involved. Defendants do not object to the amount requested. Moreover, $580 is a reasonable fee. Accordingly, sanctions in the amount of $580 shall be awarded.

**IT IS THEREFORE ORDERED** that Richard Bien and Robyn Anderson shall pay plaintiff's counsel the reasonable amount of $580 for fees and expenses associated with plaintiff's motion to compel on or before **March 7, 2008.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of February 2008.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] Plaintiff's good faith letter and follow-up phone call were unanswered; thus, plaintiff was required to file a motion to compel.