**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TED THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 07-1062 |
| | ) | |
| ASSURANT EMPLOYEE BENEFITS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' objections to Chief Magistrate Judge Humphrey's January 4, 2008 order granting portions of plaintiff's motion to compel. (Doc. 60.) The objections have been fully briefed and the matter is ripe for decision. (Docs. 73 and 77.) The objections are overruled in part and sustained in part for the reasons stated herein.

**I. Facts and Procedural History**

Plaintiff was employed by Wichita Anesthesiology, Charted (WAC), as a registered nurse anesthetist in 1984. WAC provided long term disability insurance to its employees through Fortis, one of the named defendants. Plaintiff applied for benefits under the plan and was informed by Fortis that his benefits would commence on May 5, 2003. On May 2, 2005, Fortis notified plaintiff that he no longer met the applicable policy definition of disability and that his benefits would cease. Plaintiff unsuccessfully appealed that decision.

Plaintiff has alleged two counts against defendants. First, plaintiff asserts that defendants have improperly terminated his

benefits under the plan, in violation of the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1001 et. seq. Second, plaintiff alleges that defendants breached their fiduciary duty to him by failing to provide adequate and timely services, documents, information and a full and fair Vocational Assessment. (Doc. 1).

On January 4, 2008, Judge Humphreys granted in part plaintiff's motion to compel Rule 26 disclosures. Defendant filed a Rule 72(a) objection to that order.

## II. Analysis

Federal Rule of Civil Procedure 72 governs the procedure for making, and the standard of review for ruling on, objections to orders of magistrate judges. Rule 72(a) states that magistrate orders regarding nondispositive matters shall be modified or set aside when they are "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). A matter is nondispositive when it is a "pretrial matter, not dispositive of a claim or defense of a party." Id. Plaintiff's motion to compel dealt with discovery of documents. A discovery request of this nature is a nondispositive matter. Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter. . . ."); see, e.g., Adams v. Gateway, Inc., No. 2:02-CV-106 TS, 2004 WL 2061884, at *1 (D. Utah Sept. 14, 2004) (finding that an order on a motion to compel documents withheld based on a claim of privilege was a nondispositive discovery matter).

Under the "clearly erroneous" standard set forth above, the court will affirm the magistrate judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d

-2-

1458, 1464 (10th Cir. 1988) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). Magistrate judges are afforded broad discretion when resolving discovery disputes. <u>Soma Med. Int'l v. Standard Chartered Bank</u>, 196 F.3d 1292, 1300 (10th Cir. 1999); <u>Smith v. MCI Telecomms. Corp.</u>, 137 F.R.D. 25, 27 (D. Kan. 1991).

Defendant objects to the following portions of the order: 1) permitting plaintiff to depose the appeals analyst; 2) compelling defendant to respond to plaintiff's contention interrogatories; and 3) compelling defendant to re-produce the administrative record to correspond to the interrogatories. (Doc. 73 at 2). Defendant asserts that Magistrate Humphreys' order was erroneous because discovery in an ERISA case is not allowed unless "circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." <u>Hall v. UNUM Life Ins. Co. of Amer.</u>, 300 F.3d 1197, 1202 (10th Cir. 2002).

Defendant argues that discovery is unnecessary because "allowing further discovery simply because there was a delay in the final decision does not make sense" and "it does not make sense to compel defendant to re-produce the administrative record in a segmented fashion." (Doc. 73 at 4). Nowhere in defendant's motion does it establish that Judge Humphreys' decision was "clearly erroneous or contrary to law." Judge Humphreys' order clearly sets forth the standards for discovery in an ERISA case and it also painstakingly recites the facts and procedural issues in the case. Judge Humphreys notes that the administrative record produced by defendant is "a disorganized mass of documents and otherwise a classic 'document dump' on opposing counsel." (Doc. 60 at 17). Judge Humphreys further found

that reliance on the record is not appropriate because the record has failed to explain the 18-month delay for the issuance of a decision and the complete lack of a final benefit determination in the record. (Doc. 60 at 18-19).  After reviewing the order, the court finds that Judge Humphreys' decision is not clearly erroneous or contrary to law. Defendant simply disagrees with Judge Humphreys' conclusion.

Defendant's objections are therefore overruled as to the requirements of the order that compel defendant to answer the contention interrogatories and re-produce the record.  Defendant's objection to the deposition of the analyst, however, is sustained because plaintiff's counsel has informed the court that the analyst does not recall the facts surrounding plaintiff's claim for benefits. Therefore, deposition of the analyst would not be productive.

Judge Humphreys' order shall be complied with no later than June 27, 2008.


IT IS SO ORDERED.

Dated this __2nd__ day of June 2008, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE