IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
TED THOMPSON,                    )
                                 )
                 Plaintiff,      )    CIVIL ACTION
                                 )
v.                               )    No.  07-1062
                                 )
ASSURANT EMPLOYEE BENEFITS,      )
et al.,                          )
                                 )
                 Defendants.     )
                                 )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for judgment on the pleadings (Doc. 43) and partial summary judgment (Doc. 41). The motions have been fully briefed and are ripe for decision. (Docs. 42, 44, 49, 54, 59, 61). Defendants' motion for judgment on the pleadings is granted in part and denied in part for reasons herein. Defendants' motion for summary judgment is granted.

**I.   Facts and Procedural History**

Beginning in 1984, plaintiff was employed by Wichita Anesthesiology, Charted (WAC), as a registered nurse anesthetist. WAC provided long term disability insurance to its employees through Fortis, one of the originally named defendants. Plaintiff applied for benefits under the plan and was informed by Fortis that his benefits would commence on May 5, 2003. On May 2, 2005, Fortis notified plaintiff that he no longer met the applicable policy definition of disability and that his benefits would cease. Plaintiff unsuccessfully appealed that decision.

Plaintiff has alleged two counts against defendants. First,

plaintiff asserts that defendants have improperly terminated his benefits under the plan, in violation of the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1001 et. seq.  Second, plaintiff alleges that defendants breached their fiduciary duty to him by failing to provide adequate and timely services, documents, information and a full and fair Vocational Assessment.  (Doc. 13).  Defendants respond that plaintiff's claim for breach of fiduciary duty is preempted by ERISA or, in the alternative, that it must be dismissed because plaintiff has an adequate remedy under his claim for denial of benefits.  Defendants have not moved at this time to dismiss plaintiff's claim for denial of benefits.  (Doc. 44 at 7).

After the filing of this motion, Chief Magistrate Karen Humphreys entered an order granting in part plaintiff's motion to compel.  (Doc. 60).  This court then sent counsel a letter regarding the motion for judgment on the pleadings and asked counsel if it should suspend its ruling until discovery is complete.  (Doc. 62).  Plaintiff responded that he would like the court to rule after discovery.  Defendants did not respond.  Instead, defendants filed a Rule 72(A) motion with this court objecting the magistrate judge's order.  (Doc. 73).  On June 2, 2008, defendants' motion was granted in part and denied in part. (Doc. 83).  The court ordered that discovery be completed by June 27, 2008.  On June 30, 2008, this court sent another letter to counsel. (Doc. 85).  The court reminded counsel of the pending motion to dismiss and motion for summary judgment.  The court informed counsel that they could supplement their briefing by certain dates. Defendants informed the court that they would not supplement their briefing.  Plaintiff did not respond and the date has now passed.

Therefore, the motions are ripe.

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing <u>Bell Atl. Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  <u>Archuleta v. Wagner</u>, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon this court's consideration.  <u>Shero v. City of Grove, Okla.</u>, 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Motion for Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, also are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." <u>Adler v. Wal-Mart Stores, Inc.</u>,

144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  <u>Prenalta Corp. v. Colo. Interstate Gas Co.</u>, 944 F.2d 677, 684 (10th Cir. 1991).

**IV. Analysis**

**A. Motion for Judgment on the Pleadings**

Defendants assert that plaintiff's claim for breach of fiduciary duty is preempted by ERISA.[1]  First, plaintiff attempts to argue that this entire action is not governed by ERISA because defendants amended the policy without complying with the terms of the plan.[2]  To be

---

[1] Plaintiff's complaint does not state whether this claim is based under state law or ERISA § 502(a)(3), i.e. 29 U.S.C. § 1132(a)(3). Plaintiff argues that it is actionable under either state law or ERISA.

[2] Plaintiff cites <u>Burkett v. Union Sec. Ins. Co.</u>, No. 06-1021-RSL, 2007 WL 1687770 (W.D. Wash. June 7, 2007), and urges its adoption but does not explain why. The ERISA policy at issue in <u>Burkett</u> was amended. The court concluded that the amendment was not agreed upon as required by the policy's amendment procedure. In this case, the policy was amended in 2004 to state: "Delivered in: Kansas and governed by its laws, unless otherwise preempted by federal law." The earlier policy did not have the "unless otherwise" language. Plaintiff does not allege in his amended complaint that this amendment was in violation of the policy's provisions. (Doc. 13). In his response to the motion to dismiss, plaintiff argues that "If the 2004 amendment was merely an ultra vires change to the policy, then this case arguably is not governed by ERISA" and "if Kansas law applies, then this is a simple breach of contract for insurance case." (Doc. 49 at 2). These statements appear to be premised on plaintiff's assertion that he had not seen the policy. But now he has and, after the limited discovery, he has not supplemented his pleadings.

-4-

governed by ERISA the policy must be an employee welfare benefit plan under 29 U.S.C. § 1002(1).

An employee welfare benefit plan is defined as:

> any plan, fund, or program which . . . is . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

29 U.S.C. § 1002(1).

This definition has five essential elements: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries. Brooks v. Guardian Life Ins. Co., 995 F. Supp. 1171, 1172 (D. Kan. 1998) (relying upon Gaylor v. John Hancock Mut. Life Ins. Co., 112 F.3d 460 (10th Cir. 1997) and Peckham v. Gem State Mut., 964 F.2d 1043 (10th Cir. 1992)). Plaintiff seems to be arguing that the agreement is not a "plan, fund, or program." (Doc. 49 at 2).

A "plan, fund, or program" (plan) falls withing ERISA's ambit if, from the surrounding circumstances, a reasonable person can ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Gaylor v. John Hancock Mut. Life Ins. Co., 112 F.3d 460, 464 (10th Cir. 1997) (relying upon Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982) for what has become

---

The court also notes that plaintiff's amended complaint is silent with respect to any amendment of the policy.

known as the Donovan test). Plaintiff states that the insurance policy is not a plan because the "procedures for receiving benefits" were not followed.[3] The test, however, only requires that a reasonable person be able to ascertain the procedures stated in the policy. There is no requirement that the company follow the terms of the contract in order to be a plan under ERISA. Id. Based on the pleadings before the court, the insurance policy under which plaintiff seeks benefits is an employee benefit plan within the meaning of ERISA. Plaintiff agrees. (Doc. 13).

Nonetheless, plaintiff asserts that his claims are not preempted by ERISA because the plan states that Kansas law controls. Kansas law, however, is preempted under ERISA when it is expressly preempted by the statute and when state law provides a remedy beyond those contained in ERISA. Allison v. Unum Life Ins. Co. Of America, 381 F.3d 1015, 1025-26 (10th Cir. 2004). ERISA "supersede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 11 U.S.C. § 1144(a).

Plaintiff has failed to identify any authority to support his position that parties can contract to choose state law to govern a plan that would be clearly governed by ERISA. In Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785, 791 (8th Cir. 1998), the Eighth Circuit clearly stated that "parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan." In Matter of HECI Exploration Co., Inc., 862 F.2d 513, 521 (5th Cir. 1988), the

---

[3] Plaintiff states that he has set forth his argument more specifically in the discovery pleadings. Plaintiff, however, does not direct this court to the document number or page where the relevant argument is set forth.

-6-

Fifth Circuit stated that "it would go too far to hold that parties could agree to apply state law to an ERISA claim."  The court agrees with the holdings of the Fifth and Eighth Circuits.  "The principal reason for the breadth of ERISA preemption is to prevent the development of a competing line of cases decided under state law."  Id.

Accordingly, the court finds that plaintiff's claims are governed by ERISA.

Next, plaintiff appears to argue that his claim can proceed under ERISA as a breach of fiduciary claim.  Under ERISA a civil action may be brought

> (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

A civil action may also be brought

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

Plaintiff's claim for a denial of benefits is actionable under section 1132(a)(1)(B).  A plaintiff may also bring a cause of action under section 1132(a)(3) for breach of fiduciary duty.  Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed.2d 130 (1996); Moore v. Berg Enterprises., Inc., 201 F.3d 448, 449 n. 2 (10th Cir. 1999). A participant or beneficiary, however, may not seek relief under section 1132(a)(3) if he has an adequate ERISA remedy available to him

under section 1132(a)(1)(B).  See Moore, 201 F.3d at 449 n. 2; Hyde v. Benicorp Ins. Co., 363 F. Supp.2d 1304, 1307 (D. Kan. 2005). Defendants assert that plaintiff's breach of fiduciary claim is simply a regurgitation of his denial of benefits claim.  The court disagrees.

At this stage, the court must construe all pleadings in favor of plaintiff.  Plaintiff's breach of fiduciary claim is comprised of allegations of improper acts of certain individuals employed by defendants and seeks an injunction to prevent defendants from operating any ERISA plan.  Injunctive relief is not available under section 1132(a)(1)(B).  Unlike the plaintiff in Niles v. American Airlines, Inc., 2007 WL 30607 (D. Kan. Jan. 3, 2007)[4], the remedy plaintiff seeks in his breach of fiduciary claim is not available under his claim for denial of benefits.  Accordingly, defendants' motion to dismiss plaintiff's breach of fiduciary duty claim under ERISA is denied.

**B.  Motion for Summary Judgment**

Defendants Fortis Benefits Insurance Company and AEB Employee Benefits seek summary judgment on the basis that Union Security is the only proper defendant in this case.  Plaintiff initially responded that he needed additional discovery in order to sufficiently respond to the motion for summary judgment.  The court allowed additional discovery and the time has now passed for plaintiff to supplement his

---

[4] The court finds it important to note that the Niles decision was decided on a motion for summary judgment.  The court determined that the plaintiff's breach of fiduciary claim was a restatement of his denial of benefits claim after the parties had entered a pretrial order.  At this stage of the case, there is no pretrial order and the court can only review plaintiff's amended complaint.  Moreover, the plaintiff in Niles was not seeking injunctive relief.

briefing. Fortis changed its name in 2005 to Union Security. AEB is merely a marketing name for Union Security. Plaintiff has not contradicted defendants' evidence that Fortis is no longer in existence and AEB is merely a marketing name for Union Security. Therefore, they are not proper defendants in this case. Union Security is the only proper defendant in this case. Defendants' motion for partial summary judgment is granted. (Doc. 41). The parties shall amend the caption accordingly.

## V.   Conclusion

Defendants' motion for partial summary judgment is granted. (Doc. 41). Defendants' motion for judgment on the pleadings is granted in part and denied in part. (Doc. 43). Defendants' motion to dismiss plaintiff's claim for breach of fiduciary duty under state law is granted. Defendants' motion to dismiss plaintiff's claim for breach of fiduciary duty under ERISA is denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the

standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

     IT IS SO ORDERED.

     Dated this <u>  6th  </u> day of August 2008, at Wichita, Kansas.

                                   <u>s/ Monti Belot                   </u>
                                   Monti L. Belot
                                   UNITED STATES DISTRICT JUDGE