# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TED THOMPSON,

        *Plaintiff*,

vs.

UNION SECURITY INSURANCE
COMPANY,

        *Defendant.*

Case No. 07-1062-EFM

## MEMORANDUM AND ORDER

    While employed by Wichita Anesthesiology, Chartered (WAC) as a certified registered nurse anesthetist, Plaintiff Ted Thompson became unable to work because of a neurological incident that left him with cognitive deficits in verbal expression and processing and recurring migraine headaches. Thompson was a participant in an employee welfare benefit plan through WAC, insured through a Group Long Term Insurance Policy ("Plan") by Fortis Benefits Insurance Company, now Defendant Union Security Insurance Company ("Insurance Company"). Thompson received disability payments under the Plan until April 27, 2005, when Insurance Company terminated Thompson's disability payments on the basis that he no longer qualified for benefits under the terms of the Plan.

    Thompson subsequently filed suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"),[1] requesting review of Insurance Company's decision denying benefits. On February 3, 2010, the Court granted summary judgment in Thompson's favor, finding that he was

---

[1] 29 U.S.C. § 1001, *et seq.*

entitled to disability benefits under the Plan. In entering Judgment on February 5, 2010, the Court ordered that Thompson's disability benefits be reinstated retroactively to April 27, 2005, and further ordered that such benefits be continued until such time as Thompson is no longer eligible to such payments under the terms of the Plan. The Court then dismissed the action on the merits.

Insurance Company claims that because neither the Court's Order granting summary judgment nor the subsequent Judgment determined the amount of past due benefit or the monthly benefit due under the terms of the Plan, the Judgment is not final. Insurance Company now moves the Court to Alter or Amend the Court's February 5, 2010 Judgment to (1) rescind its Order of dismissal, and (2) maintain jurisdiction and either: (a) remand the matter to Insurance Company to determine the amount of benefits due Thompson; or (b) open and supervise discovery into the amount of benefits payable to Thompson, and after discovery and Insurance Company's determination, adjudicate any issues relating to that determined amount of benefit. Also before the Court is Thompson's Motion to Clarify the Judgment in his Favor, and in addition, he moves for oral argument on both his and Insurance Company's motions. The Court, however, finds that oral argument is unnecessary, and thus, will decide the issues based on the parties' briefing.

A motion to alter or amend under Rule 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. Such reconsideration is appropriate only if the Court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.[2] The resolution of the motion is

---

[2]*Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983), *aff'd,* 770 F.2d 98 (7th Cir. 1985).

committed to the sound discretion of the Court.[3]

Insurance Company contends that because the Court granted summary judgment on the benefit claim with respect to liability without calculating the amount of disability benefits owed to Thompson, the Judgment is not final, and asserts that it is clear error to dismiss the action on the merits prior to calculating the benefit amount owed. Insurance Company argues that in the Court's Order on summary judgment, the issue addressed was that of Thompson's benefit eligibility, not the amount of benefit that would be payable to him under the Plan. Insurance Company contends that because it found Thompson ineligible for benefits, it never determined the amount of his benefit. As a result, Insurance Company asserts that there is no evidence in the administrative record from which the Court can make such a determination, which explains why it did not do so prior to the instant motions. Insurance Company further asserts that because there is a very real possibility that the parties will contest the amount of the disability payment owed to Thompson, the issue remains open.

Insurance Company suggests that the appropriate action to correct this error is to rescind the Court's Order of Dismissal, and remand the case to Insurance Company's claims administrator to determine the benefit amount owed to Thompson under the terms of the Plan. Insurance Company first requests that the Court remand the case to the primary jurisdiction of Insurance Company to fulfill its fiduciary obligations pursuant to ERISA and the Plan in determining the benefit amount. In the alternative, Insurance Company requests that the Court amend the Judgment to retain jurisdiction and supervise Insurance Company's discovery into, and determination of, the amount of benefit due Thompson. Insurance Company contends that pursuant to the Plan, the Schedule

---

[3] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Amount, which is the maximum amount payable per month under the Plan,[4] may be offset by the amount Thompson may receive, or has received, from other benefit types as identified in the Plan.[5] Thus, to conform to the terms of the Plan, Insurance Company argues that it must obtain certain financial information from Thompson to assess whether any offsets to the Schedule Amount is warranted. Insurance Company asserts, however, that Thompson has refused their attempts to obtain the information when requested prior to its filing the instant motion.[6]

Thompson first argues that Insurance Company has stated no grounds for relief under Rule 59(e), asserting that it is clear from the Court's Order and Judgment that Insurance Company is to reinstate Thompson's benefits, which are to be retroactive to April 27, 2005, in the amount of $1,500 per month, plus interest. Thompson argues that as a result, calculating the amount he is due under the Plan is nothing more than a ministerial task, and moves the Court to do in his Motion to Clarify Judgment in His Favor for Past Due Benefits. Thompson also asserts that Insurance Company's motion is nothing more than an attempt to delay matters further, and to "trick the unwary so as to give Insurance Company an opening . . . through which it can attempt to escape paying Thompson's attorneys' fees."[7] Thompson's arguments, however, are unpersuasive.

Contrary to Thompson's assertions, at no time in the Court's Order on the parties' Summary Judgment motions did the Court determine that the benefit amount due Thompson was $1,500 per month. Rather, the Court indicated that the Schedule Amount to which the parties agreed was

---

[4]The parties agree that the Schedule Amount is $1,500 per month.

[5]*See* Doc. 45-2 (US 23-24).

[6]Thompson also claims that he has attempted to provide certain information to Insurance Company, but it has refused to accept it.

[7]Doc. 139, p.7 (Plaintiff's Response to Defendant's Motion to Alter Judgment).

$1,500 per month. As the Plan clearly provides, such Schedule Amount is subject to offset when a plan participant receives benefits from certain other identified benefit categories.[8] This is not a legal defense by Insurance Company, but a contractual provision within the Plan governing Thompson's disability payments. The issue before the Court in this action related to whether or not Insurance Company's decision to terminate benefits was proper, not whether the actual amount that Thompson was paid, should have been paid, or would be paid in the future was appropriate under the terms of the Plan. The administrative record is void of any evidence indicating that Insurance Company attempted to determine any benefit amount after it found that Thompson was no longer eligible for benefits. This question remains unresolved, and as Insurance Company correctly asserts, judgment in this action is not final.[9]

After reviewing the parties' briefing for both Insurance Company's Motion to Alter Judgment and Thompson's Motion to Clarify, the Court concludes that the best course of action is to amend the Judgment to rescind the Court's dismissal on the merits, and remand the case to Insurance Company solely to determine the benefit amount due Thompson. Ideally, the Court would remand a case such as this to the plan administrator in a manner that would not require any further action from the Court and permit payments to proceed until the plan beneficiary no longer qualifies for disability payments. This case, however, is far from ideal. This litigation has progressed to such a contentious state that the Court is not convinced that the parties at this point are willing to agree on even the simplest of matters. It is beyond clear that the parties have taken up a position where every request by the opposing side will be met with resistence, so much that it is unlikely that the parties

---

[8] *See* Doc. 45-2 (US 23-24).

[9] *See Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092, 1094 (10th Cir. 1995).

can cooperate to resolve disputes that may arise regarding the determination of Thompson's benefit amount without some form of Court supervision.[10] Therefore, while the Court remands this case to Insurance Company to determine the amount of benefits, the Court will retain jurisdiction and supervise the discovery necessary to make a proper decision of benefits due pursuant to the Plan. The parties, however, are reminded of their obligation to confer in good faith to resolve disputes before bringing those matters to the Court.

Accordingly, the Judgment enter by the Court on February 5, 2010, is hereby set aside. Notwithstanding the Court's Order setting aside that Judgment, pursuant to the Court's February 3, 2010 Memorandum and Order granting summary judgment in Thompson's favor, Insurance Company is ordered to reinstate Thompson's disability benefits retroactively to April 27, 2005, and to continue said disability benefits until such time as Thompson is no longer eligible to payments under the terms of the Plan. Further, Thompson shall recover from Insurance Company disability payments, as the amount of such payments are determined pursuant to the terms of the Plan and this Order, from April 27, 2005 to present, plus post judgment interest at 10% per annum (K.S.A. § 16-201).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Alter Judgment (Doc. 126) is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Judgment entered on February 5, 2010 (Doc. 124) is hereby SET ASIDE.

---

[10]This conclusion is evidenced by the numerous submissions by both parties' counsel of emails demonstrating heated exchanges of counsel, along with counsels' repeated finger-pointing on which party was at fault for not cooperating in either providing or accepting documents related to the benefit amount determination and other aspects of this litigation. Presumably, counsel believed it would be to their respective advantages to include the Court in the details of their squabbles, but the Court assures both sides that they were sorely mistaken in this presumption.

**IT IS FURTHER ORDERED** that this case is REMANDED to Defendant Union Security Insurance Company to determine the amount of disability benefit owed to Plaintiff according to this Order.

**IT IS FURTHER ORDERED** that, pursuant to the Court's February 3, 2010 Memorandum and Order granting summary judgment in favor of Thompson, Defendant is ordered to reinstate Plaintiff's disability benefits retroactively to April 27, 2005, and shall continue said disability benefits until such time as Plaintiff is no longer eligible to payments under the terms of the Plan.

**IT IS FURTHER ORDERED** that Plaintiff shall recover from Defendant disability payments, as the amount of such payments are determined pursuant to the terms of the Plan and this Order, from April 27, 2005 to present, plus post judgment interest at 10% per annum (K.S.A. § 16-201).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Judgment in His Favor for Past Due Benefits (Doc. 128) is hereby DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument on Defendant's Motion to Alter Judgment and Plaintiff's Motion to Clarify (Doc. 144) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2010.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE