# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TED THOMPSON,

        *Plaintiff,*

vs.

                                       Case No. 07-1062-EFM

UNION SECURITY INSURANCE
COMPANY,

        *Defendant.*

## MEMORANDUM AND ORDER

On March 5, 2007, Plaintiff Ted Thompson initiated this action against Defendant Union Security Insurance Company ("Insurance Company") pursuant to the Employee Retirement Income Security Act of 1974 (ERISA),[1] alleging that Insurance Company improperly terminated his disability benefits under the Group Long Term Insurance Policy ("Plan") of which he was a member. Plaintiff also claimed that Insurance Company breached its fiduciary duty by failing to act in his best interest and depriving him of a full and fair review. These allegations arose from Thompson's employment with Wichita Anesthesiology, Chartered, where he worked as a certified registered nurse anesthetist until January 2003 when he became unable to work because of a neurological incident that left him with cognitive deficits in verbal expression and processing, and recurring severe migraine headaches. Thompson received disability benefit payments under the Plan until April 27, 2005, when Insurance Company found that he no longer qualified for such benefits under the terms of the policy. Thompson administratively appealed Insurance Company's decision to

---

[1]29 U.S.C. § 1001, *et seq.*

terminate benefits, which was denied by Insurance Company the day after Thompson filed the instant action.

On February 3, 2010, the Court entered a Memorandum and Order granting Thompson's Motion of Summary Judgment.[2]  In that Order, the Court concluded that Thompson qualified for disability benefits under the Plan, and thereafter, remanded the case back to Insurance Company to determine the amount of Thompson's disability payment under the Plan's terms, to be retroactive to the date benefits were terminated.  The Court denied Insurance Company's summary judgment motion.

Now before the Court is Thompson's Motion for Attorneys' Fees and Expenses (Doc. 125) and Supplemental Motion for Attorneys' fees (Doc. 175), each brought pursuant to 29 U.S.C. § 1132(g)(1).  Also before the Court is Thompson's Motion for Hearing on his Attorneys' Fee Motion (Doc. 151), and Insurance Company's Motion for Leave to Conduct Limited Discovery if the Court Holds an Evidentiary Hearing on Plaintiffs Attorney Fee Motion (Doc. 162).  For the following reasons, the Court grants in part, and denies in part, Thompson's motion for attorneys' fees and expenses, denies Thompson's motion for hearing, and denies as moot Insurance Company's motion to conduct additional discovery.

## I. ANALYSIS

### a. Entitlement to Fees

While a district court has the discretion to award attorneys' fees and costs to a prevailing party in an ERISA action, that discretion is not unlimited.[3]  In analyzing ERISA's attorneys' fee

---

[2]*Thompson v. Union Sec. Ins. Co.*, 688 F. Supp. 2d 1257 (D. Kan. 2010).

[3]*See* 29 U.S.C. § 1132(g)(1).

statute, the Supreme Court determined that because Congress failed to clearly indicate that it "meant to abandon historic fee-shifting principles and intuitive notions of fairness,"[4] a fee claimant must show "some degree of success on the merits" to be entitled to fees under the statute.[5]  A fee claimant satisfies this requirement "if the court can fairly call the outcome of the litigation 'some success on the merits' without conducting a lengthy inquiry into whether a particular party's success was 'substantial' or occurred on a 'central issue.' "[6]  Neither trivial success nor a purely procedural victory achieves a sufficient level of some success to entitle a party to attorneys' fees under the statute.[7]

Here, we are convinced that the facts of this case establish that Thompson has achieved more than a trivial success or a procedural victory.  Thompson was successful in convincing the Court that Insurance Company failed to provide him a proper review and that a *de novo*, and not the arbitrary and capricious standard of review, was warranted in this case.  He further successfully demonstrated that he was disabled under the terms of the Plan and entitled to benefits.  The case was remanded to Insurance Company not to determine disability, but to determine the proper amount of the disability benefit that Thompson was and is currently entitled to receive.  Thus, the Court concludes that Thompson has achieved "some success on the merits" sufficient to make him eligible for attorneys' fees under § 1132(g)(1).

---

[4]*Hardt v. Reliance Standard Life Ins. Co.*, --- U.S. ---- , 130 S. Ct. 2149, 2158 (2010) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686 (1983)).

[5]*Id.* (citing *Ruckelshaus*, 463 U.S. at 494).

[6]*Id.* (citing *Ruckelshaus*, 463 U.S. at 688, n. 9) (internal quotations omitted).

[7]*Id.*

Simply because a party is eligible for attorneys' fees under ERISA does not mean that attorneys' fees will be awarded. The Tenth Circuit has held that attorneys' fees in an ERISA action are not to be awarded as a "matter of course."[8] Consequently, the decision to award fees under § 1132(g)(1) is within the sound discretion of the district court.[9] In exercising this discretion, a district court should consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[10]

No one factor is conclusive, nor is this list of factors exclusive.[11] While the Court is not required to consider any particular factor when assessing attorneys' fees,[12] we must do more than simply grant attorneys' fee requests as a matter of course, and therefore, we find these factors, as adopted by the Tenth Circuit, helpful in making our determination.[13]

---

[8]*See Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983).

[9]*See id.* at 108.

[10]*Id.* at 109.

[11]*See id.*

[12]*See Hardt*, 130 S. Ct. at 2158. The factors identified in *Hardt* are identical to the factors adopted by the Tenth Circuit in *Gordon*. *Compare id.* at 2155, n. 1, *with Gordon*, 724 F.2d at 109.

[13]*See Hardt*, 130 S. Ct. at 2158.

1.	**The Degree of the Opposing Parties' Culpability or Bad Faith and the Relative Merits of the Parties' Positions**

Because factors 1 and 5 are related, we will discuss them together.[14]  The manner in which Insurance Company handled Thompson's disability claim, along with its failure to provide a full and fair review within the timeframe permitted by law, is particularly bothersome and renders Insurance Company sufficiently culpable so as to justify an award of attorneys' fees.  Insurance Company, through its disability appeals specialist, failed to adequately communicate with Thompson during the administrative appeals process.  In addition, its final decision substantially exceeded the timeframe permitted under both the Plan and ERISA regulations.  In fact, Insurance Company's final decision issued the day after Thompson filed this lawsuit, while inconclusive in and of itself, raises questions of Insurance Company's good faith.  However, there is more.

As the Court has previously expressed, the manner in which Insurance Company responded to discovery requests, its failure to provide Thompson with the Original Plan until late in the process – the Plan which this Court determined was controlling, the manner in which Insurance Company amended the Original Plan, and the virtual "document dump" on Thompson by Insurance Company, together demonstrate a lack of good faith.  Insurance Company also failed to accurately maintain Thompson's file, admitting that portions of it were either misplaced or lost during his claim and appeal process.  Thompson clearly attempted to follow the proper administrative procedure for bringing his appeal, but Insurance Company's failure to render a timely decision, or for that matter, any decision at all, necessitated further action by Thompson.  Thus, this factor weighs in favor of an attorneys' fee award.

---

[14]*See Winkel v. Kennecott Holdings Corp.*, 3 Fed. Appx. 697, 709 (10th Cir. 2001).

2. **The Ability of the Opposing Parties to Personally Satisfy an Award of Attorneys' Fees**

Insurance Company neither admits nor denies that it has the financial resources to satisfy an award of attorneys' fees. Instead, it argues that Thompson's conclusory statement that it has the ability to pay is a deficient showing for this factor. Thompson, however, points the Court to Insurance Company's parent company's website, which states that the company "is backed by the financial strength of Assurant, Inc. a Fortune 500 company and a member of the S&P 500, with more than $25 billion in assets and $8 billion in annual revenue."[15] Thompson contends that because of Insurance Company's refusal to be transparent, he was required to search for this financial information without their assistance. Insurance Company does not address Thompson's assertions. Based in part on Assurant's disclosure on its own website, we conclude that Insurance Company has the ability to satisfy the amount of the attorneys' fee award in this case. Thus, this factor militates towards an award of attorneys' fees.

3. **Whether an Award of Attorneys' Fees Against the Opposing Parties would Deter Others from Acting under Similar Circumstances**

Although Insurance Company contends it would do nothing different in the future regarding the manner in which it will review its files based on the administrative record, our analysis of this factor does not turn on how Insurance Company alone chooses to act in the future. Notwithstanding Insurance Company's choice to continue as it has in the past, this action and resulting attorneys' fee award may deter others from either disregarding or failing to comply with ERISA regulations. It may also deter some questionable conduct by others in the handling of a participants disability claim

---

[15]http://www.assurantemployeebenefits.com/wps/portal/MediaRoom/NewsReleases?pageLocation=/xhtml_clip/ourcompany/financialstrength.html

or administrative appeal, as this Court identified in its February 3, 2010 Order granting Thompson's Motion for Summary Judgment and in this Order. Thus, this factor weighs in favor of an award of attorneys' fees.

### 4. Whether the Parties Requesting Fees Sought to Benefit All Participants and Beneficiaries of an ERISA Plan or to Resolve a Significant Legal Question regarding ERISA

The Court does not find that, with respect to this case, Thompson sought to benefit all participants and/or beneficiaries in the subject plan. Thompson appears to contend that by bringing this action, he sought to benefit all Plan participants by causing Insurance Company to correct the manner in which it handles claims. Insurance Company argues that Thompson prevailed on his own disability claim, and that claim does nothing to benefit other plan members. We agree with Insurance Company on this factor. While there may be some benefit to other Plan beneficiaries, we are unpersuaded that Thompson brought this action to benefit others. Thompson's claims primarily sought a determination that he himself was disabled under the Plan's terms, and that he was entitled to benefit payments. The facts necessary to grant Thompson's relief were highly individualized in nature. As a result, any benefit other participants might realize from this action are tangential at best. This factor does not weigh in favor of an attorneys' fee award.

After considering all the relevant factors, the Court concludes that Thompson should recover reasonable attorneys' fees for prosecuting this action. Even absent a finding of bad faith, given the equities of the situation and Insurance Company's failure to provide Thompson with a fair review considering all appropriate evidence within a reasonable time, an award of attorneys' fees is proper.

### b. *Reasonable Amount of Fees and Expenses*

Having found that Thompson is entitled to recover his reasonable attorneys' fees under

ERISA, we must now determine the amount of the fee award. In determining the fee award, the Court must arrive at a lodestar figure by multiplying the reasonable hours expended on the litigation by a reasonable hourly rate.[16] The fee applicant bears the burden of documenting the appropriate number of hours expended and the hourly rates.[17] Once this burden is met, the lodestar is presumed to be a reasonable fee.[18] The lodestar figure is then subject to an upward or downward adjustment based upon the *Johnson* factors.[19] Not all of these factors are relevant to every action,[20] and more importantly, many are already "subsumed within the initial calculation of the lodestar."[21] The amount of the award, however, remains within the district court's discretion.[22]

## 1. Lodestar Amount

### a. Number of Hours Reasonably Expended

The Court must first determine the number of hours reasonably expended by Thompson's

---

[16] *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

[17] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998).

[18] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[19] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1356 (10th Cir. 1992). The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[20] *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)).

[21] *Pennslyvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

[22] *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994); *see also Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1527-28 (10th Cir. 1991) (applying an abuse of discretion standard and noting "an appellate court plays a 'limited role' in reviewing a district court's award of attorneys' fees and costs, and deference is given to a district court's judgment on the matter" (Internal quotation marks & citation omitted)).

counsel.[23]  Thompson has submitted for the Court's review meticulous and contemporaneous time records for each lawyer that expended time on his case.[24]  Insurance Company agrees with a limited number of the time entries as reasonable, but objects to the majority of the fee request as unreasonable, excessive, duplicative, or related to claims Thompson alleged but was unsuccessful.

In determining whether hours expended are reasonable, the Court considers factors such as complexity of the case, the number of reasonable strategies pursued, the responses necessitated by the maneuvering of the other side, and potential duplication of services.[25]  The Court is not required to "identify and justify each disallowed hour," nor is the Court required to "announce what hours are permitted for each legal task."[26]

**Rule 26 Disclosures.**[27]

Thompson submits 4.8 hours for work on obtaining Rule 26 disclosures from Insurance Company.  Insurance Company objects to any hours expended on preparation of Thompson's motion to compel based on Rule 26 disclosures.  Insurance Company argues that sanctions previously levied against it by the Court after granting Thompson's motion sufficiently compensated Thompson for time spent.  We agree.  Accordingly, Thompson's fee request for work performed by A. Lemley is

---

[23]*See Case*, 157 F.3d at 1250.

[24]Thompson submitted his counsels' time entries in chronological order.  Insurance Company, in its Response, provided the Court with Thompson's time entries sorted by attorney and by category of work performed.  Thompson has not objected to Insurance Company's sorting or categorization of the time entries.  After completing a random sampling of Insurance Company's sorted submission, the Court finds it contains identical entries as Thompson's submission.  Therefore, the Court will use Insurance Company's sorted submission, Doc. 176-4 (Ex. C) as it is more useful to the Court's review.

[25]*Case*, 157 F.3d at 1250 (citing *Ramos*, 713 F.2d at 554).

[26]*Id.* (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986)).

[27]The headings used by the Court in this Order relate to the headings used in Insurance Company's submission of Thompson's time entries sorted by category.  *See* Doc. 176-4 (Ex. C).

reduced 3.9 hours. Therefore, we award 0.9 hours as reasonable for this category for work performed by A. Lemley.

**Clerical Work**

Insurance Company objects to all but 6.5 hours of the 28.6 hours claimed by Thompson in this category. Insurance Company contends that the work performed by C. Powell that was purely clerical or secretarial in nature should not have been billed. We agree in part with Insurance Company in that making copies of documents and creating folders is clerical work that is not recoverable, as is the time spent uploading files from CD's onto counsels' computer system, and the time is reduced accordingly. However, in light of the state of the discovery produced in this case, we find the time spent sorting and categorizing these documents to prosecute the case reasonable, as the process undoubtedly required a review of the document's content. Thus, this was more than "purely clerical work." Insurance Company's arguments concerning this category are unpersuasive. Accordingly, of the 28.6 hours submitted by Thompson, we award 23.95 hours for the work performed by C. Powell.

**Complaint (non-research)**

Thompson claims 35.4 hours for tasks related to drafting and preparing his Complaint. Insurance Company, however, agrees to only 15.0 hours. Insurance Company argues that because a party is only required to provide a short and plain statement of the claim showing entitlement to relief, Thompson's numerous factual statements are unnecessarily detailed and inefficient. Because this particular case was highly fact intensive, we find this argument unpersuasive. The Court awards 35.4 hours for this category as follows: A. Lemley - 34.6 hours, C. Powell - 0.8 hours.

**Correspondence.**

Thompson submits 18.2 hours of work performed by A. Lemley on correspondence, which includes time spent on telephone conferences with Thompson and other counsel. Insurance Company does not oppose this time, and the Court's review of the time entries finds such time reasonable. Thus, we award 18.2 hours of time expended in this category by A. Lemley.

**Excessive Time for Unused Discovery**

Thompson submits 158.10 hours for time spent on discovery issues. Insurance Company objects to all but 28.8 hours, arguing that the time Thompson's counsel expended on discovery in an ERISA case was excessive in light of the fact that it related to discovery of information that Thompson did not ultimately use, and that Thompson is attempting to recovery fees for what was previously denied by the Court as sanctions. First, Insurance Company has provided no authority for its argument that a party may only recover time spent on discovery if the discovery obtained was actually used. There is no evidence that Thompson frivolously pursued documents or information in pursuit of his claim, and absent such a showing, we will not second guess counsels' strategy to use or not use certain discovery obtained in prosecuting a claim or in pursuing a particular legal theory. The Court has also reviewed the record and finds Insurance Company's argument that Thompson's fee submission is attempting to circumvent a denial of sanctions, in part, unpersuasive. Insurance Company reads too much into the Courts Order on Thompson's Motion to Compel. An award of sanctions was granted to Thompson as the prevailing party concerning Rule 26 disclosures under Fed. R. Civ. P. 37(a)(4)(A).[28] Thompson's motion to compel and other additional briefing in response to Insurance Company's discovery motions concerned matters other than this Rule 26 issue

_____

[28]The Court granted in part, and denied in part, Thompson's motion to compel.

in which the Court granted sanctions. Nonetheless, a review of Thompson's fee request indicates that certain entries, at least in part, relate to the sanctions awarded regarding Rule 26 disclosures. As a result, we reduce the fee request accordingly, but we will not deny Thompson's submission in its entirety as a number of Thompson's entries appear wholly unrelated to that particular issue. We agree with Insurance Company, however, that time spent drafting Thompson's response to a motion for extension of time (2.0 hours) that included no legal analysis and was only a couple of paragraphs in length was excessive. Accordingly, Thompson's request, as categorized in Insurance Company's Exhibit C, is reduced accordingly. Therefore, the Court awards 149.7 hours for this category as follows: A. Lemley - 142.2 hours; J. Fowler - 1.5 hours; C. Powell - 5.9 hours.

**ERISA Disability/Research**

Thompson claims 253.0 hours for legal research on ERISA and other issues related to prosecuting this case. Insurance Company objects to all but 42.10 hours, arguing that this research was excessive for basic ERISA issues. As previously stated by this Court, this was an atypical ERISA case, vigorously and in most instances, very contentiously litigated by the parties for nearly four years. We do not find that the hours expended by Thompson on the issues raised during the course of this action unreasonable. Therefore, the Court awards Thompson 253.0 hours for this category as follows: A. Lemley - 60.6 hours; J. Fowler - 1 hour; S. Bell - 69.6 hours; A. Noblett - 34.9 hours; E. Pauly - 86.9 hours.

**Attorneys' Fee Disputes**

Thompson seeks to recoup for 117.4 hours expended on attorneys' fee issues. Insurance Company objects, claiming such time is excessive and punitive for an attorneys' fees motion of this

nature. Insurance Company suggests that 62.9 hours is a more reasonable amount of time.[29]

Thompson does not dispute Insurance Company's position. The Court agrees with Insurance Company that 117 hours is excessive. Accordingly, after reviewing Thompson's submitted time entries, the Court concludes 62.9 hours as reasonable for this category as follows: A. Lemley - 50.2 hours; J. Fowler - 2.5 hours; C. Powell - 10.2 hours.

### General File Review

Thompson claims 27.4 hours for time expended on general file review. Insurance company objects to all but 7.2 hours, claiming such time as excessive. We have reviewed Insurance Company's arguments regarding this topic and find them unpersuasive. As a result, we find 27.4 hours as reasonable for this category as follows: A. Lemley - 9 hours; C. E. Pauly - 2.1 hours; C. Powell - 16.3 hours.

### Pleadings/Hearings/Scheduling

Thompson submits 21.3 hours for review of pleadings, hearings, and other scheduling matters. Insurance Company does not object to this submission. The Court concludes this time is reasonable, and awards 21.3 hours for this category as follows: A. Lemley - 18.2 hours; E. Pauly - 1.7 hours; A. Noblett - 0.3 hours; C. Powell - 0.8 hours.

### Other Legal Research

Thompson seeks to recoup 29.4 hours of work on other legal research. Insurance Company does not object to this submission. The Court concludes this time is reasonable, and awards 29.4 hours for this category as follows: A. Lemley - 23.7 hours; J. Fowler - 2.5 hours; S. Bell - 1.9 hours; E. Pauly - 1 hour; C. Powell - 0.3 hours.

---

[29]The Court notes that Insurance Company's calculation of total hours as to both Thompson's charged hours and Insurance Company's reasonable hours are incorrect in Insurance Company's Exhibit C for this category.

**Mediation**

Thompson submits as reasonable 18.6 hours for his efforts towards mediation, which Insurance Company agrees is reasonable. The Court, therefore, awards 18.6 hours for this category for A. Lemley's work.

**Resistence to Amount of Benefit Determination**

Thompson seeks 60.1 hours for time expended addressing Insurance Company's motion to alter or amend judgment and for filing his own motion to clarify judgment in his favor and motion for hearing. Insurance Company objects to all but 8 hours, primarily arguing that Thompson's response to its motion and his own motion was an unjustified opposition to Insurance Company's request to compute his benefit calculation under the Plan's terms. As the Court addressed in its September 2, 2010 Order, Thompson's interpretation of the Court's Summary Judgment Order concerning the amount due him was misplaced, and the majority of his arguments asserted were simply without merit. Thus, the Court concludes that the fees associated with Thompson's motion to clarify judgment in his favor are not recoverable. The same cannot be said for Thompson's response to Insurance Company's motion. Once a motion is filed, the opposing party has the right to respond to that motion. Therefore, Thompson is entitled to at least some fees relating to his response. However, after reviewing Thompson's time entries, we believe that the hours claimed are excessive for said motion. Consequently, the Court awards Thompson 19.6 hours for this category as follows: A. Lemley - 18.6 hours; J. Fowler - 1 hour.

**Pretrial Order**

Thompson moves to recoup 13.2 hours for time expended on the pretrial order. Insurance Company does not oppose this request. Thus, the Court finds that 13.2 hours is reasonable for this category as follows: A. Lemley - 6.6 hours; C. Powell - 6.6 hours.

### Summary Judgment on Benefit Claim

Thompson submits 219.8 hours related to summary judgment briefing as reasonable. Insurance Company asserts that Thompson's submission is unreasonable and excessive, arguing that Thompson's briefing was unnecessarily lengthy. Insurance Company suggests that 112.1 hours is reasonable. The parties in this case have vigorously opposed nearly every issued raised, and as a result, the Court finds that a party choosing to expend additional time either researching a legal issue or drafting its arguments was not unreasonable. The Court concludes, however, that the amount of time Thompson spent on these particular motions was excessive, and as a result, we will reduce his request by twenty percent. We further find it necessary to note that Thompson's request for 1.5 hours to review a motion for hearing on summary judgment that is two sentences in length – and one that he drafted –is more than unreasonable, and such time is reduced to 0.1. Therefore, the Court awards 174.16 hours as reasonable for this category as follows: A. Lemley - 153.76 hours; J. Fowler - 1.2 hours; S. Bell - 13.6 hours; C. Powell - 5.84 hours.

### Pursuit of other Defendants and Abandonment of Breach of Fiduciary Duty Claim

Insurance Company objects to Thompson's request to recoup 33.6 hours expended on pursuit of a breach of fiduciary duty claim, of which Thompson abandoned, that it claims had no factual or legal support, and for claims made against the wrong defendants. The Court has reviewed its Order on Insurance Company's Motion to Dismiss, and while Thompson was not successful on certain of his claims, the Court is unwilling to go so far as to say such claims were frivolous or that Thompson acted improperly. As a result, we conclude that the hours expended in pursuit of his claims are recoverable. Therefore, we award Thompson his requested 33.6 hours for the time expended by A. Lemley.

The Court has reviewed Insurance Company's remaining arguments concerning reasonableness of hours expended and we find them unpersuasive.

**Supplemental Motion for Attorneys' Fees**

On November 3, 2010, Thompson filed a supplemental motion for attorneys' fees in which he moves to recoup for 103.8 hours for work performed from April 28, 2010 to October 27, 2010. Insurance Company has not filed a response to Thompson's motion, and as a result, the Court will treat that motion as unopposed.[30]   Therefore, after reviewing the motion, the Court finds the requested hours reasonable, and awards Thompson his fees for 103.8 hours as follows: A. Lemley - 95 hours; J. Fowler - 4.7 hours; D. Peter - 4.1 hours.

**b. Reasonable Hourly Rate**

The Court must next determine the reasonable hourly rates for Thompson's attorneys and support staff.  In examining the hourly rates, the Court refers "to the prevailing market rates in the relevant community."[31]   "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[32]   If the Court does not have before it evidence of prevailing market rates, it may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[33]

Here, the parties agree as to the reasonable hourly rates for the attorneys that expended time in this case prosecuting Thompson's claims.  Based on the Court's knowledge, we conclude that the

---

[30]D. Kan. Rule 7.4(b).

[31]*Blum*, 465 U.S. at 895.

[32]*Case*, 157 F.3d at 1256.

[33]*Lippoldt*, 468 F.3d at 1225.

agreed rates are reasonable and are within the range charged by attorney's of comparable skill and experience in the Wichita, Kansas market. Thus, the hourly rate for each attorney and support staff is as follows: A. Lemley - $300; J. Fowler - $300; S. Bell - $200; E. Pauly - $185; A. Noblett - $125; C. Powell - $105; and D. Peter - $115.

Based on the Court's analysis of the reasonable time expended in this case and the reasonable rate to be applied for each timekeeper, the Court calculates the lodestar as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| A. Lemley | 683.76 | $300 | $205,128.00 |
| J. Fowler | 14.4 | $300 | $4,320.00 |
| S. Bell | 84.86 | $200 | $16,972.00 |
| E. Pauly | 91.7 | $185 | $16,964.50 |
| A. Noblett | 35.2 | $125 | $4,400.00 |
| C. Powell | 70.69 | $105 | $7,422.45 |
| D. Peter | 4.1 | $115 | $471.50 |

The total lodestar is $255,678.45.

### 2. Lodestar Adjustment

Thompson moves for either a multiplier of 1.3 or an increase in the hourly rate, arguing that the superior work performed by the attorneys in this case and the results achieved warrant such an adjustment. Insurance Company, however, opposes an adjustment, arguing that the rate that they agreed for the attorneys and staff involved in this case exceeds the rates that Thompson's counsel actually charges. After reviewing the parties' arguments, we cannot conclude that an enhancement or an hourly rate increase over that already provided to Thompson's counsel is warranted. The lodestar amount of which the Court has arrived adequately takes into account counsel's performance, and we see no specific evidence causing this case to fall within the "rare and

exceptional" circumstances warranting adjustment under the *Johnson* factors.[34]  Thus, we find that the lodestar adequately and reasonably compensates Thompson's attorneys and staff for the work they performed in this case.

### 3. Expenses

Thompson also moves to recoup his expenses pursuant to 29 U.S.C. § 1132(g)(1).  In his initial motion, Thompson claims $722.72, and in his supplemental motion, claims $228.29 for a total claim of $951.01.  Insurance Company makes no argument opposing Thompson's expense request. Therefore, after reviewing Thompson's expense statement, we conclude that it is reasonable, and award him his expenses in the amount of $951.01.

### Motion for Hearing on Motion for Attorney's Fees

Thompson has moved the Court to set an evidentiary hearing on his motion for attorneys' fees, or in the alternative, to hear oral argument.  The Court finds that the briefing and exhibits are sufficient for the Court to decide the issues, and neither an evidentiary hearing nor oral argument would be helpful.  The motion is denied.

### Motion for Discovery (Leave to Conduct Limited Discovery if the Court Holds an Evidentiary Hearing on Plaintiffs Attorney Fee Motion)

Insurance Company moves the Court for leave to conduct additional discovery should the Court grant Thompson's motion for hearing.  Because the Court has denied Thompson's motion, Insurance Company's motion is denied as moot.

### Affidavit Requesting Additional Attorneys' Fees

On January 27, 2011, Thompson's counsel filed with the Court an affidavit requesting 5.5 hours of additional attorneys' fees (Doc. 177).  After reviewing the affidavit, the Court denies

---

[34]*See Perdue v. Kenny A.*, --- U.S. ---- , 130 S. Ct. 1662, 1664 (2010) (citing *Blum*, 465 U.S. at 897).

Thompson's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. 125) is hereby GRANTED in part, and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion for Attorneys' Fees (Doc. 175) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of $255,678.45 and expenses in the amount of $951.01, for a total award of $256,629.46.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 151) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Conduct Limited Discovery if the Court Holds an Evidentiary Hearing on Plaintiffs Attorney Fee Motion (Doc. 162) is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated this 2nd day of February, 2011.

Eric F. Melgren

ERIC F. MELGREN
UNTIED STATES DISTRICT JUDGE